UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

vs.

                                                  Case No.

TASMAN SERVICES LLC and JAMIE
LYNN BAUMGARTNER,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff SOUTHERN-OWNERS INSURANCE COMPANY sues Defendants, TASMAN SERVICES LLC and JAMIE LYNN BAUMGARTNER, and alleges as follows:

1. This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. Plaintiff SOUTHERN-OWNERS INSURANCE COMPANY ("SOUTHERN-OWNERS") is a foreign insurance corporation, incorporated in the State of Michigan, with its principal place of business in Lansing, Michigan, authorized to do and doing business in the State of Florida.

3. Defendant TASMAN SERVICES LLC ("TASMAN") is a dissolved Florida limited liability company which had its principal place of business in Hillsborough County, Florida. TASMAN's managers/members, James K. Purdy and Sally-Ann Purdy, are adult individuals residing in Hillsborough County, Florida and are both citizens of the

State of Florida.  TASMAN is therefore a citizen of the State of Florida for all purposes, including federal diversity jurisdiction.

4. Defendant JAMIE LYNN BAUMGARTNER ("BAUMGARTNER") is an adult individual residing in Hillsborough County, Florida and is a citizen of the state of Florida.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000).

6. This action is brought pursuant to 28 U.S.C. §2201(a), which provides for this Court to adjudicate a party's rights and other legal relations in an actual controversy.

7. Venue is proper in this Court pursuant 28 U.S.C. §1391 because both defendants are residents of the State of Florida and reside in this district and the underlying litigation addressed herein was brought in this district.

8. All conditions precedent to this action have been performed by SOUTHERN-OWNERS or have otherwise occurred, been waived, discharged or legally excused.

9. At all times material hereto SOUTHERN-OWNERS insured TASMAN under a Commercial General Liability policy, number 112312-20741740-16 (the "CGL Policy").  A true and correct copy of the Policy with effective dates of April 1, 2016 to April 1, 2017 is attached hereto and part hereof as Exhibit "A".

10. Based upon an automobile accident which occurred on August 29, 2016 (the "Subject Accident"), BAUMGARTNER filed suit in case number 18-CA-007581 in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (the "Underlying Action"). The current operative pleading in the Underlying Action is the First Amended Complaint (the "Complaint"), a true and correct copy of which is attached hereto and made a part hereof as Exhibit "B".

11. As set forth in the Complaint, BAUMGARTNER is suing TASMAN alleging that it leased a motor vehicle (the "Subject Vehicle") which was operated with its knowledge and consent by its employee Kasey Mitchell ("MITCHELL"). BAUMGARTNER further alleges that MITCHELL negligently operated the Subject Vehicle and that TASMAN is vicariously liable for such negligence.

12. It is an uncontroverted fact that, at the time of the Subject Accident, MITCHELL was the Named Insured on a Florida Family Automobile Insurance Policy issued by GEICO (the "GEICO Policy"). A true and correct copy of an affidavit of coverage and certified copy of the GEICO Policy is attached hereto and made a part hereof as Composite Exhibit "C". It is further an uncontroverted fact that GEICO paid BAUMGARTNER for or relating to injuries she sustained in the Subject Accident.

13. It is also uncontroverted that the Subject Vehicle was leased by TASMAN from U-Haul Co. of Florida ("U-Haul") and, pursuant to TASMAN's lease agreement/contract with U-Haul (the "Contract") (and consistent with the minimum financial responsibility required by §324.021(7), Fla. Stat.), TASMAN as the "Customer" and MITCHELL as the "Authorized Driver" were afforded liability protection. A true and correct copy of an affidavit of coverage and the Contract is attached hereto and made a

part hereof as Composite Exhibit "D".[1]  It is further uncontroverted that U-Haul also paid BAUMGARTNER for or relating to injuries she sustained in the Subject Accident.

14. The CGL Policy includes the Commercial General Liability Coverage Form - 55300 (1-07) (the "CGL Coverage Form") which in Section I, Coverage A, 2. Exclusions, includes Exclusion g. Aircraft, Auto Or Watercraft which, in pertinent part, provides:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

15. However, the CGL Policy also includes the Commercial General Liability Plus Endorsement - 55091 (10-08) (the "CGL Plus Endorsement") which expands coverage for damages which an insured becomes legally obligated to pay because of "bodily injury" arising out of the maintenance or use of an "auto" which it does not own "and which is used in your business".  This expanded coverage could apply to the Subject Accident, "**but only if** you do not have any other insurance available to you which affords the same or similar coverage" (the "other insurance provision"). (Bold emphasis added)

16. Based upon the foregoing, the CGL Plus Endorsement is not applicable to BAUMGARTNER's claims in the Underlying Action against TASMAN because there

---

[1] The attached copy of the Contract was partially redacted by U-Haul.

was other insurance available which afforded the same or similar coverage (*i.e.* the GEICO Policy and/or U-Haul coverage).  And the CGL Coverage Form otherwise specifically excludes coverage for any liability TASMAN may have arising from MITCHELL's use of the Subject Vehicle.

17.     Defendants contend that SOUTHERN-OWNERS' obligations pursuant to the CGL Policy encompass BAUMGARTNER's claims being made in the Underlying Action.

18.     SOUTHERN-OWNERS, on the other hand, contends that there is no coverage for the Underlying Action, including, without limitation, because of Exclusion g. and the other insurance provision.

19.     As such, a genuine dispute exists between the parties as to whether SOUTHERN-OWNERS provides coverage, and there is therefore a present controversy between the parties as to this issue.  Because of the present controversy, SOUTHERN-OWNERS is in need of declaratory relief and is without an adequate, certain, prompt or complete remedy that would be as efficient to attain the ends of justice in its prompt administration as would the relief requested herein.

19.     As there is a bona fide, present, and practical need for a declaration of rights between the parties, and as such a declaration deals with present, ascertainable facts in controversy, and as the parties to this action have a present and adverse interest in the subject matter hereof, SOUTHERN-OWNERS respectfully seeks this Court's declaratory judgment as to its rights, duties, and obligations under the CGL Policy related to or arising from to the Underlying Action.

**WHEREFORE**, SOUTHERN-OWNERS respectfully requests that this Honorable Court declare that there is no coverage under the CGL Policy for defense or indemnity, in whole or in part, for the Underlying Action and further requests costs of this action and such other and further relief deemed appropriate by this Court.

Dated this 22nd day of June, 2021.

                                          CAMPBELL TROHN
                                        TAMAYO & ARANDA, P.A.

                                        */s/ William S. Chambers IV*
                                        _____
                                        WILLIAM S. CHAMBERS, IV
                                        Florida Bar No. 29793
                                        B.Chambers@cttalaw.com
                                        J.Bintliff@cttalaw.com
                                        P.O. Box 2369
                                        Lakeland, FL  33806-2369
                                        (863) 686-0043
                                        (863) 616-1445 (fax)
                                        Attorneys for SOUTHERN-OWNERS