UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE COMPANY,

    Plaintiff,
v.                             Case No. 8:21-cv-1510-VMC-CPT

TASMAN SERVICES LLC, and
JAMIE LYNN BAUMGARTNER,

    Defendants.


TASMAN SERVICES LLC, and
JAMIE LYNN BAUMGARTNER,

      Counterclaim-Plaintiffs,

v.

SOUTHERN-OWNERS INSURANCE COMPANY,

      Counterclaim-Defendant.
_____/

### ORDER

This matter is before the Court on consideration of Plaintiff and Counterclaim-Defendant Southern-Owners Insurance Company's Motion to Dismiss Baumgartner's Counterclaim (Doc. # 13) and Motion to Strike Specified Affirmative Defenses of Defendants (Doc. # 12), both filed on September 2, 2021. Defendant and Counterclaim-Plaintiff Jamie Lynn Baumgartner responded to the Motion to Dismiss on September 23, 2021. (Doc. # 22). Baumgartner and Defendant

1

Tasman Services LLC responded to the Motion to Strike on September 16, 2021. (Doc. # 21). For the reasons that follow, the Motion to Dismiss is granted and the Motion to Strike is granted in part and denied in part.

I.  **Background**

Southern-Owners initiated this action against Baumgartner and Tasman on June 22, 2021, asserting a claim for declaratory relief. (Doc. # 1). Southern-Owners was the insurer for Tasman when a vehicle leased by Tasman was in an automobile accident with Baumgartner in 2016. (Id. at 2-4). A lawsuit between Baumgartner and Tasman is pending in Florida state court, but the parties dispute whether the Southern-Owners policy covers Baumgartner's claims in that action. (Id. at 3-5). Thus, Southern-Owners seeks a declaration that there is no coverage under the policy for defense or indemnity of the state court action. (Id. at 6).

Baumgartner filed her answer, four affirmative defenses, and a counterclaim for declaratory relief against Southern-Owners on August 12, 2021. (Doc. # 9). In the counterclaim, Baumgartner seeks a declaration that "Southern-Owners is obligated to pay to Baumgartner indemnity under the [p]olicy in relation to the [u]nderlying [a]ction, without reservation." (Id. at 9). That same day, Tasman filed its

answer, nine affirmative defenses, and a counterclaim for declaratory relief regarding the availability of coverage under the policy. (Doc. # 10).

Now, Southern-Owners seeks to dismiss Baumgartner's counterclaim and to strike certain of Baumgartner's and Tasman's affirmative defenses. (Doc. ## 12, 13). Baumgartner and Tasman have responded (Doc. ## 21, 22), and the Motions are ripe for review.

## II. Legal Standard

### A. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the counterclaim and construes them in the light most favorable to the counterclaim-plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the counterclaim-plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [counterclaim-plaintiff]'s obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

3

>   allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the counterclaim, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

> **B.  Motion to Strike**

"Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8." Carrero v. Citimortgage, Inc., No. 8:15-cv-2915-VMC-AAS, 2016 WL 1464108, at *2 (M.D. Fla. Apr. 14, 2016). Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). "[T]his Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the Twombly pleading standard." Nobles v. Convergent Healthcare Recoveries, Inc., No. 8:15-cv-1745-JSM-MAP, 2015 WL 5098877, at *2 (M.D. Fla. Aug. 31, 2015).

4

Affirmative defenses challenged by a motion to strike are also evaluated under Rule 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature" and are often considered "time wasters." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997); Molina v. SMI Sec. Mgmt., Inc., No. 11-24245-CIV, 2013 WL 12092070, at *4 (S.D. Fla. Mar. 22, 2013) ("Motions to strike . . . are disfavored by courts.").

Thus, "[a]n affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computs. & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citation omitted). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines,

5

Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citation omitted).

## III. Analysis

### A. Motion to Dismiss Counterclaim

Southern-Owners argues that Baumgartner's counterclaim should be dismissed without prejudice as premature because she has not yet obtained a settlement or judgment against Tasman in the underlying state court action. (Doc. # 13).

Indeed, Florida's nonjoinder statute, Florida Statute § 627.4136(1), provides:

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Fla. Stat. § 627.4136(1).

While the Court understands Baumgartner's argument to the contrary, this Court finds that Baumgartner's counterclaim should be dismissed for failure to satisfy the nonjoinder statute's condition precedent. See Am. Home Assur. Co. v. Arrow Terminals, Inc., No. 8:11-cv-1278-VMC-AEP, 2011 WL 6098011, at *4 (M.D. Fla. Dec. 7, 2011) ("The Court therefore finds that because [Section] 627.4136(1) does not

permit claims by third parties against insurers until a settlement or verdict against the insured is obtained, Willett did not have a claim against National Union when he filed his counterclaim. Thus, the counterclaim was not compulsory under Rule 13 because it was not ripe at that time. The Court further finds that Willett must satisfy the condition precedent under [Section] 627.4136(1) before raising a claim against National Union. Because he has not yet done so, the Court grants National Union's Motion to Dismiss."); see also Colony Ins. Co. v. Total Contracting & Roofing, Inc., No. 10-23091-CIV, 2010 WL 5093663, at *2 (S.D. Fla. Dec. 8, 2010) ("[T]he Smiths claim that [Section] 627.4136(1) should not apply because Colony, the insurer, initiated this action and the Smiths only raise their claims in response. However, nothing about the text of [Section] 627.4136(1) suggests that it is inapplicable with respect to counterclaims, and two courts have already found that counterclaims are not excepted from its application.").

Thus, Baumgartner's counterclaim is dismissed without prejudice. The Motion to Dismiss is granted.

**B.     Motion to Strike Affirmative Defenses**

Southern-Owners also seeks to strike Baumgartner's third and fourth affirmative defenses and Tasman's third through ninth affirmative defenses. (Doc. # 12).

**1.     Baumgartner's Affirmative Defenses**

In her third affirmative defense, Baumgartner asserts: "Southern-Owners may not disclaim its obligations under the CGL Policy because of certain ambiguities in the CGL Policy drafted by Southern-Owners. Such ambiguities must be interpreted under governing law in favor of coverage." (Doc. # 9 at 5). And, in her fourth affirmative defense, she asserts: "Southern-Owners is barred from recovery because it fails to satisfy the pleading requirements of Rule 10(b), Fed. R. Civ. P., and therefore its Complaint for Declaratory Judgment does not supply a basis for relief." (Id.).

In her response, "Baumgartner agrees to withdraw her fourth affirmative defense." (Doc. # 21 at 4). Thus, the Motion is granted as to Baumgartner's fourth affirmative defense and that defense is stricken.

Next, Southern-Owners argues the third affirmative defense is a conclusory allegation not pled in accordance with Twombly because "the defense does not identify any relevant 'ambiguities' in the subject policy and there is no

8

legal basis for asserting that any of the relevant policy terms and conditions set forth in the Complaint are ambiguous." (Doc. # 12 at 5).

But the Twombly pleading standard does not apply to affirmative defenses. Nobles, 2015 WL 5098877, at *2. Thus, the Court rejects this argument. Furthermore, even if it could have been pled with more detail, this defense serves the laudable purpose of letting Southern-Owners know Baumgartner's position in this case and should not be stricken. See Reyher, 881 F. Supp. at 576 ("To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." (citation omitted)); Muschong v. Millennium Physician Grp., LLC, No. 2:13-cv-705-SPC-CM, 2014 WL 3341142, at *3 (M.D. Fla. July 8, 2014) ("Whether regarded as a specific denial or an affirmative defense, Defendants' invocation of standing still 'serve[s] the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims.'" (citation omitted)).

The Motion is denied as to Baumgartner's third affirmative defense.

### 2. **Tasman's Affirmative Defenses**

Southern-Owners moves to strike Tasman's third through ninth affirmative defenses. (Doc. # 12 at 1). In its response, Tasman "agrees to withdraw its fourth, fifth, eighth, and ninth affirmative defenses, without prejudice to its right to seek leave to amend its pleading to reassert one or more of these affirmative defenses if the facts developed during discovery would support Tasman's assertion of the defense." (Doc. # 21 at 4). Thus, the Motion is granted as to the fourth, fifth, eighth, and ninth affirmative defenses and these defenses are stricken.

Thus, the Court need only address Tasman's third, sixth, and seventh affirmative defenses further. Tasman's third affirmative defense is the same as Baumgartner's third affirmative defense, which this Court has declined to strike. For the same reasons, this Court denies the Motion as to Tasman's third affirmative defense.

Next, Tasman's sixth affirmative defense asserts: "Southern-Owners is barred from relief by the doctrines of estoppel, laches, and/or waiver." (Doc. # 10 at 5). Southern-Owners argues this defense is a "bare bones conclusory allegation" that fails to provide "notice of the factual basis for same." (Doc. # 12 at 6). But, again, the Twombly pleading

10

standard does not apply to affirmative defenses. Nobles, 2015 WL 5098877, at *2.

And while Southern-Owners argues that the doctrines of waiver and estoppel do not apply to this coverage dispute under Florida law (Doc. # 12 at 6-7), the Court is not convinced at this time and notes that waiver, estoppel, and laches are recognized affirmative defenses under Rule 8(c). See Chartis Specialty Ins. Co. v. Wave Techs. Commc'ns, Inc., No. 8:11-cv-2376-MSS-TBM, 2012 WL 13106323, at *4 (M.D. Fla. May 3, 2012) ("Florida law indicates that on coverage defense cases, [the defenses of laches, waiver, and estoppel] are appropriate for an *insured* to raise."), report and recommendation adopted, No. 8:11-cv-2376-MSS-TBM, 2012 WL 13106324 (M.D. Fla. June 11, 2012). Thus, the Court will not strike this defense and will instead address the sixth affirmative defense's applicability, if necessary, at a later stage of the proceedings. See Reyher, 881 F. Supp. at 576 ("To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." (citation omitted)).

Finally, the seventh affirmative defense asserts: "Southern-Owners is barred from relief by the doctrine of unjust enrichment, as its acceptance and retention of the premiums paid by Tasman for insurance coverage would be unjust if Southern-Owners refuses to acknowledge and honor its obligations to Tasman under the CGL Policy." (Doc. # 10 at 5). Southern-Owners argues this affirmative defense has "no legal basis" because "'unjust enrichment' cannot create or expand coverage which otherwise does not exist." (Doc. # 12 at 7).

The Court disagrees. This defense gives Southern-Owners sufficient notice of Tasman's intention to rely on this defense and "the Court is not persuaded that [Southern-Owners] has established that this affirmative defense fails as a matter of law in order to warrant the drastic remedy of a motion to strike." Sagamore Ins. Co. v. SSAB Fla. Co., LLC, No. 14-80488-CIV, 2014 WL 12629501, at *2 (S.D. Fla. Aug. 20, 2014) (denying plaintiff insurer's motion to strike the insured's affirmative defense of unjust enrichment). The Motion is denied as to Tasman's seventh affirmative defense.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff and Counterclaim-Defendant Southern-Owners Insurance Company's Motion to Dismiss Baumgartner's Counterclaim (Doc. # 13) is **GRANTED**. Defendant and Counterclaim-Plaintiff Jamie Lynn Baumgartner's counterclaim (Doc. # 9) is dismissed without prejudice.

(2) Southern-Owners' Motion to Strike Specified Affirmative Defenses of Defendants (Doc. # 12) is **GRANTED** in part and **DENIED** in part. Only Baumgartner's fourth affirmative defense and Tasman's fourth, fifth, eighth, and ninth affirmative defenses are stricken.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of October, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE